LAW OFFICES OF J. DAVID NICK
A Professional Legal Corporation
J. DAVID NICK, (California State Bar #157687)
345 FRANKLIN STREET
San Francisco, CA 94102
Telephone: (415) 552-4444
Facsimile: (415) 358-5897
E MAIL: jdavidnick@lawyer.com

**Attorney for Defendants:**
Jason Smith, Piner Processing Inc

**UNITED STATES DISTRICT COURT-EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| CAREFREE ENZYMES, INC, ET AL, | CASE NO.: |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| APOGEE GARDEN PRODUCTS INC., PINER PROCESSING INC, JASON SMITH, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT: PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, **Defendants APOGEE GARDEN PRODUCTS INC, PINER PROCESSING INC and JASON SMITH**, with the consent of each other (collectively, "Defendants"), hereby **REMOVE this civil action from the State of Wisconsin Circuit Court for the County of Racine**, where it is currently pending as Case No.2020CV001307, **to the United States District Court for the Eastern District of Wisconsin**.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Plaintiffs are all residents, citizens and domiciled in the State of Wisconsin. Defendants are California Corporations with their place of business exclusively in the

1

State of California. Defendant Jason Smith, is an individual, permanent residents of, citizen of and domiciled in the State of California.

## BACKGROUND

On October 1, 2020, an action was commenced in the State of Wisconsin Circuit Court in and for the County of Racine, and case number 2020CV001307 was assigned. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as Exhibit 1. On October 5, 2020 Defendants were personally served in California with a copy of the Summons and Complaint (Summons and Complaint attached as Exhibit 1). Plaintiff asserts ten cause of action in the Complaint. Plaintiffs allege various counts of defamation of each of the Plaintiffs, as well as commercial disparagement, breach contract, tortious interference with contractual rights, and Wisconsin statutory causes of action for deceptive business practices.

## DIVERSITY AS GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]" I. Plaintiffs plead they are residents of Wisconsin and that all the Defendants have their principal place of business in California (and as to Jason Smith that he resides in California). (Exhibit 1, p.2, paragraphs 1 through 6).

**I: The Amount-In-Controversy Requirement is Satisfied.**

Plaintiffs' complaint (Exhibit 1 attached) requests an undetermined amount of damages, "enhanced statutory damages as permitted by law", punitive damages (Exhibit 1, p.17, paragraph C) for Defendants' defamatory and deceptive acts which generally consist of giving false information about Plaintiffs' businesses to customers of Plaintiffs. Plaintiff generally asserts "injury to his reputation" and that Plaintiff suffered "emotional distress" (Exhibit 1, p.8, paragraph 36) "actual monetary damages" (Exhibit 1, p.12,

paragraph 59), "that Plaintiffs cut prices in order to keep customers Defendants gave false information to and that Plaintiff EPM "lost customer contracts and leads and has suffered economic and reputational harm" (Exhibit 1, p.7, paragraph 32). Plaintiffs also seek a permanent injunction prohibiting Defendants from defaming Plaintiffs (Exhibit 1, p.17, paragraph A). "In a suit for injunctive relief, the amount in controversy is measured by the value of the object of the litigation. And, at least in this circuit, the object may be valued from either perspective--what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." *Macken v. Jensen*, 333 F.3d 797, 799-800 (7th Circuit 2003). "[I]t is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)).

    Here, Plaintiffs have not disclosed the amount of damages they seek but given the nature of the allegations a verdict of $75,000 or more is reasonably to be expected. See, *Israel Travel Advisory Serv. v. Israel Identity Tours*, (Illinois N.Dist, 1994) 1994 U.S. Dist. LEXIS 751, *2 [$75,000 in damages and $100,000 in punitive damages awarded for similar defamatory conduct as alleged in the complaint by Plaintiff here.]). If the jurisdictional amount were challenged by Plaintiff, all Defendants are required to do is to come forward with "some evidence *or argument to establish the plausibility* of an inference that at least one member of the class could cross the $75,000 threshold." *Pfizer, Inc. v. Lott*, 417 F.3d 725 725-26 (7th Cir. 2005). That has been done here and the jurisdictional amount made plausible by the nature of the allegations in the complaint, the demand for punitive damages and the demand for statutory enhanced damages.

    Accordingly, the amount in controversy in this action well exceeds $75,000, exclusive of interest and costs. Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

3

**II. Complete Diversity of Citizenship Exists Between Plaintiffs and All Defendants.**

Plaintiffs plead they are residents of Wisconsin and that all the Defendants have their principal place of business in California (and as to Jason Smith that he resides in California). (Exhibit 1, p.2, paragraphs 1 through 6)

Plaintiffs plead they are residents of Wisconsin and that all the Defendants have their principal place of business in California (and as to Jason Smith that he resides in California). (Exhibit 1, p.2, paragraphs 1 through 6)

Title 28, U.S.C. § 1446(b)(2)(A) provides that all served defendants who properly may be joined in the removal notice must join. All named Defendants seek removal through the instant removal notice.

The Complaint also names Doe Defendants. For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. See, *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

**III. The Other Prerequisites for Removal Are Satisfied.**

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt … of the initial pleading … to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Plaintiff filed the Complaint with the state court on October 1, 2020. Defendants were personally served with a copy of the Summons or Complaint on October 5, 2020.

This action is properly removed to this District Court which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1446(a), requires a copy of all process, pleadings, and orders served upon the

4

removing defendant in the state court action to be included with this Notice of Removal. Attached hereto as Exhibit 1, Summons and Complaint.

## CONCLUSION

If any question arises as to the propriety of the removal of this action, Defendants respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

DATED: October 28, 2020

_____

J. DAVID NICK, ATTORNEY FOR DEFENDANTS